José A. López, etc., Petitioner and Appellee, v. Savings and Loan Fund Association, etc., et al., Respondents and Appellants.

No. 7874. Argued February 18, 1940.—Decided July 5, 1940.

R. Martínez Nadal and C. H. Juliá for appellants. Arturo Aponte for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The petitioner, José López del Valle, has been Registrar of Property of Humacao for over 20 years.

He was an insured member of the Association of Employees of the Insular Government of Puerto Rico. On January, 1936, apparently at the request of the Puerto Rico Reconstruction Administration, the Attorney General extended him a license, without salary. The license was at various times continued and the petitioner served the aforesaid Federal Agency until December 1, 1937, when he again took up his office.

Until November 1936, and, it may be said, to secure his insurance, the petitioner kept up his monthly payments. Up to that time an employee of the association had been advising him of what were due as payments. This employee left the association and thereafter nobody sent López the notices he had been receiving. He stopped paying. It is to be noticed that the payments are not always the same and a member of the association has to ascertain the amount. This depends upon the number of deaths or disabilities. It may be as high as $4 or lower.

On June 22, 1936, or before the supposed default of petitioner, the Board of Directors of the Association agreed generally to strike from the registry certain employees who had not paid their dues, and empowered the president to do so in the future cases of default by an employee.

The president took no action on the case of petitioner, but the secretary struck his name from the books on February 14, 1937. The petitioner was not notified. On or around November 27, 1937, the petitioner went to the offices of the association to notify them that he was going to return to his office and desired to pay whatever dues were in arrears, if any. He was then told of the action taken. He wrote to the board on December 7, 1937, requesting his reinstatement. The board, on January 13, 1938, ratified the action of the secretary; and on February 14 denied the reinstatement. He

was told that, under section 25 of the law as amended by Act No. 150 of May 15, 1937, he had to make a new application.

The petitioner had a right to keep the insurance up while on license if he paid the dues. As we read it, the act did not state what happens if he resumed his office. If the insured made a new application he could not obtain the benefit of the insurance until he paid dues for five years. López del Valle applied to the District Court of San Juan for a writ of mandamus. The writ was issued. The district court held that under the law the loss of the right of the employee with license to recover, in case of nonpayment of dues, is merely temporary, while the license runs, and that when he returns to work he automatically becomes insured again; that the permanent elimination of the employee from the register of the association is not authorized by law. The court distinguishes the case of *Sanquírico* v. *Savings & Loan Fund Ass'n*, 52 P.R.R. 794, as applying only to the first part of section 21, *infra*.

Judgment was rendered on June 2, 1938, and the board appeals.

The case turns on the scope and interpretation of section 21 of the act, as finally amended by Act No. 150 of May 15, 1937 (Session Laws of 1937, p. 405), which says:

"Section 21.—Every member entitled to the benefits of this Act who resigns or is separated from office for reason not implying moral turpitude, may continue to enjoy the benefits of insurance on account of death, provided that on ceasing in office he shall notify the board of directors in writing of his intention so to do, in which case he shall continue to pay his assessments whenever a death occurs and notice thereof is served upon him; *Provided,* That should he fail to pay three consecutive months when deaths occur, he shall forfeit all his rights to such insurance and to the reimbursement of fifty (50) per cent of the assessments paid by him on account of deaths to which Section 22 of this Act refers; *Provided, further,* That every employee on leave of absence without pay, or who is temporarily suspended from office and his salary stopped, shall preserve

his rights to the benefit of insurance against death and physical disability during such leave of absence or temporary suspension, provided that he deposits in the office of the association, within the first ten days of each month, a sum equal to that which would have been deducted from his salary for the purposes of the insurance, had he not been on such leave or under such temporary suspension.''

Before proceeding to analyze the case further, we may say that there was an attempt to dismiss the appeal, a motion for which was overruled, and then another motion was presented more recently and the case is now before us thereon. The parties, however, agreed to submit the case on its merits and we shall so discuss it.

Now although the petitioner attempted for a while to put himself in the position of an employee with license without pay and in pursuance of this idea made certain payments, yet his position is not one either of an employee who has resigned or is on leave. López del Valle was working for the Federal Government and he never surrendered his right to return to his office as registrar of Humacao. The second part of section 21 more clearly refers to employees who are just absenting themselves from their job.

When the petitioner went back to his office as registrar, it may be said, that he resumed his rights. Therefore, under equitable principles, if he paid the amount in default, he should be established in his full position as a member of the association with all its rights. Incidentally we may say that Mr. López del Valle is not an employee but an officer, and section 21 by its terms refers to employees.

Let us take up the case a little more in the manner in which the parties have themselves treated it and consider the petitioner as if he were an ordinary employee restored to his position. Our interpretation of the latter part of section 21 then would be that petitioner's rights were suspended when he failed to make the payments, month by month, but sprung up when again he took up his duties as registrar.

As we have intimated earlier in the opinion, some notice ought to be sent to a member of the amount that he has to pay. Under all the conditions, we think it is in part an excuse for the petitioner if he fails to pay when he gets no notice of the amount that he has to pay.

The petitioner-appellee also insists that the President of the association who was authorized by the board to remove or suspend employees never acted. The secretary of the board assumed that power and so informed petitioner when he came before the office of the board to attempt to reinstate his policy. The act of the secretary was ratified by the board. Petitioner further contends that the board itself had no right under section 21 to remove him from the rolls of the insured.

After the hearing in this case the appellee filed a brief on the merits, but the appellant did not answer it.

The judgment appealed from should be affirmed.